

**ENTERED**

JUN – 4 2018

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                             Criminal No. **2:18-cr-00104**

**DEVIN ALLEN WOLFE**

---

## ARRAIGNMENT ORDER AND
## STANDARD DISCOVERY REQUESTS

### I. ARRAIGNMENT ORDER

**[Defendant present]** At _____Charleston_____ , on _____May 30_____ , 20 _18_ , came the United States of America by _____Jennifer R. Herrald_____ , Assistant United States Attorney, and also came the defendant in person, and by _____**court-appointed**   _X_ **retained** counsel, _____Tim Carrico_____ , for the purpose of an arraignment.

After the Court interrogated the defendant and was satisfied that the defendant had received a copy of the indictment, and had read and understood the contents thereof, and that his/her attorney had explained the nature of the charges to him/her, the defendant entered a voluntary plea of **NOT GUILTY** to the indictment.

**[Defendant not present]** At_____ , on _____ , 20_____ , came the United States of America by _____ , Assistant United States Attorney, and also came _____ , _____**court-appointed** _____**retained** counsel for the defendant, who had previously waived his/her right to be present at the arraignment, which waiver was accepted. A **NOT GUILTY** plea to the indictment was entered for the defendant, pursuant to the waiver.

**IT IS ORDERED** that this case be set for trial to a jury at _____9:30_____ a.m. on _____July 31_____ , 20 _18_ , in _____Charleston_____ , before the Honorable _____John T. Copenhaver, Jr._____ .

**IT IS FURTHER ORDERED** that if any courtroom technology is required for use at trial or other proceeding, counsel shall notify the court's technology staff. A certification that the court's technology staff has been notified shall be filed with the clerk no later than 7 days before the scheduled commencement of the trial or other proceeding.

**IT IS FURTHER ORDERED** that a pretrial hearing on motions in this case be held on _____July 9_____, 20_18_, at _____1:30_____ _____a.m. X p.m. in _____Charleston_____. Pursuant to Rule 12.1(d) of the Local Rules of Criminal Procedure for the Southern District of West Virginia, counsel must notify the presiding judge whether either party will seek to present evidence at the pretrial hearing on motions. Further, counsel must immediately notify the presiding judge if agreement has been reached on all pretrial issues, rendering the pretrial hearing on motions unnecessary.

**IT IS FURTHER ORDERED** that if Standard Discovery Requests are elected, then pretrial motions are due on or before _____July 2_____, 20_18_, with copies provided to the presiding judge's chambers. Proposed Voir Dire Questions and Jury Instructions are due to the presiding judge on or before _____July 25_____, 20_18_.

On or before _____July 27_____, 20_18_, counsel is requested to provide a list of prospective witnesses to chambers for use in voir; such list need not be served on opposing counsel.

The defendant _____did execute __✓__did not execute a waiver of right to be present at hearings on motions prior to trial.

With respect to a defendant represented by court-appointed counsel, **IT IS FURTHER ORDERED** that the defendant is given the right to subpoena witnesses to testify in this case on the date of trial, and the costs incurred by the process and fees of the witnesses so subpoenaed be paid in the same manner in which similar costs and fees are paid in the case of witnesses so subpoenaed on behalf of the government.

## II. CUSTODIAL/NON-CUSTODIAL STATUS
*(Check applicable sections)*

__✓____A. The defendant was previously ordered detained pending trial.

_____B. The government has moved for a detention hearing, and the Court hereby **ORDERS** that a detention hearing be held on _____, 20_____, at _____. The defendant is remanded to the temporary custody of the United States Marshal pending the detention hearing.

_____C. The defendant was previously released on a _____surety _____non-surety bond in the amount of $_____ with special conditions as set forth in the Order Setting Conditions of Release, and it is **ORDERED** that said bond and Order shall continue.

_____D. The defendant is hereby **ORDERED** released upon execution of a _____surety _____non-surety bond in the amount of $_____, as set forth in the Order Setting Conditions of Release.

_____E. The defendant is hereby **ORDERED** detained as set forth in the Detention Order.

Local Rules, SDWV, FORM 4 (Rev. 6/10)                    2

### III.  STANDARD DISCOVERY REQUEST FORM
*(Initial "A" or "B")*

**T-C.** ___A.  The defendant has elected to utilize the Standard Discovery Requests, as set forth in Rule 16.1 of the Local Rules of Criminal Procedure for the Southern District of West Virginia.

___B.  The defendant has elected **NOT** to utilize the Standard Discovery Requests, as set forth in Rule 12.1 of the Local Rules of Criminal Procedure for the Southern District of West Virginia.  Accordingly, the defendant is hereby **ORDERED** to file all pretrial motions together with supporting memoranda fourteen (14) days before the hearing on pretrial motions, not later than _____, 20___, and to provide copies to the presiding judge's chambers. Responses shall be filed within seven (7) days, not later than _____, 20___, with copies provided to the presiding judge's chambers.

Whereupon, the following **Standard Discovery Requests** were made:

**1.      On Behalf of the Defendant, the Government Is Requested to:**
*(defense counsel must initial all applicable sections)*

**T-C** ___a.  Disclose to defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [F.R.Crim.P. 16(a)(1)(A)].

**T-C** ___b.  **[Individual defendant]** Disclose to defendant and make available for inspection, copying or photographing, all of the following: (I) any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists; (ii) the portion of any written record containing the substance of any relevant oral statement made  before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and (iii) the defendant's recorded testimony before a grand jury relating to the charged offense. [F.R.Crim.P. 16(a)(1)(B)].

**T-C** ___c. **[Organization defendant]** Where the defendant is an organization, e.g., corporation, partnership, association or labor union, disclose to the defendant any statement described in F.R.Crim.P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (I) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [F.R.Crim.P. 16(a)(1)(C)].

**T-C** ___d.  Furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [F.R.Crim.P. 16(a)(1)(D)].



_____ e. Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control, and (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case in chief at trial; or (iii) the item was obtained from or belongs to the defendant. [F.R.Crim.P. 16(a)(1)(E)].

_____ f. Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if (I) the item is within the government's possession, custody or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [F.R.Crim.P. 16(a)(1)(F)].

_____ g. Give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [F.R.Crim.P. 16(a)(1)(G)].

_____ h. Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.

_____ I. Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.

_____ j. Disclose to defendant all reports of government "mail cover", insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

_____ k. Disclose to defendant any matter as to which the government will seek judicial notice.

_____ l. Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (i) any application for an order authorizing the interception of a wire or oral communication, (ii) any affidavits filed in support thereof, and (iii) any court order authorizing such interception.

_____m. Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**2.    Government Responses to Defendant's Standard Discovery Requests.**
*(initial line)*

_~~JRH~~_    Pursuant to Local Rule 16.1(C) , the Government hereby agrees to provide the materials to the defendant not later than fourteen (14) days from the date of this Order, or as otherwise agreed by the parties, or ordered by the Court.

Further, the government must file a written response to the defendant's standard discovery requests with the Clerk within the time frame set forth above.

**3.    Reciprocal Discovery and Filing of Additional Motions by Defendant.**

Pursuant to Local Rule 16.1, the defendant shall provide to the Government any required reciprocal discovery within **fourteen (14) days** of receipt of the requested materials and filing of the government's written response to the defendant's discovery requests.

**4.    Continuing Duty of Disclosure.**

The defendant and the government agree that their respective duties of disclosure and discovery pursuant to this order are continuing, and that they shall produce additional responsive information as soon as it is received, and in no event later than the time for such disclosure as required by law, rule of criminal procedure, or order of court.

**IV.  DISCLOSURE OF JENCKS ACT, RULE 26.2 MATERIALS; AND REQUEST FOR JURY QUESTIONNAIRES**
*(government and defense counsel initial and fill in lines)*

_~~JRH/JC~~_A.  The defendant and the government agree that all Jencks Act and Rule 26.2, F.R.Crim.P., material will be furnished to opposing counsel __7__ days prior to any hearing, trial, or other event triggering the required disclosure of such material.

_~~JRH/J~~_B.  The defendant and the government request that the jury questionnaires answered by the petit jurors on the current panel called in this case be made available to each party for inspection and copying, which motion is **GRANTED** by the Court.

_____C. The defendant agrees that all material provided by the government which is subject to the provisions of Rule 6(e) of the F.R.Crim.P. will be used only in the preparation of the defense and will not be copied or published to any person whose knowledge of the same is not necessary to the preparation of the defense and, further, that upon request, all copies of the same will be returned to the government or destroyed at the close of the case.

The Clerk of this Court is directed to send a copy of this Order to the defendant, counsel of record, the United States Marshal and the United States Probation Office.

ENTER: May 30, 2018

UNITED STATES MAGISTRATE JUDGE

Inspected and Approved by:

Counsel for Defendant

Assistant United States Attorney