IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 2:18-cr-00104

DEVIN ALLEN WOLFE

RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on May 30, 2018, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** A summary of defendant's statement to law enforcement is attached hereto at WOLFE-0031-32.

**Request B: Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows-- or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:**  See Response to Request A. Additionally, posts by defendant on Reddit are hereby disclosed at WOLFE-0180-192.

**(ii)   The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.  [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response:**  See Response to Request A.

**(iii)  The defendant's recorded testimony before a grand jury relating to the charged offense.  [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response:**  Defendant did not testify before the Grand Jury.

**Request C:  Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.  [Fed. R. Crim. P. 16(a)(1)(C)]**

**Response:**  Not applicable.

**Request D:  Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]**

**Response:**  Defendant's criminal history is attached hereto at WOLFE-0013-15.

**Request E:  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief**

at trial; or (iii) the item was obtained from or belongs to defendant.  [Fed. R. Crim. P. 16(a)(1)(E)]

     **Response:**

a.  DeMeyer Memo to Roane County Prosecutor (WOLFE-0001);
b.  WVSP Report and Exhibits (WOLFE-0002-125);
c.  Anonymous FBI Tip (WOLFE-0126-129);
d.  CyberTipline Reports (WOLFE-0130-152);
e.  Residence Search Warrant (WOLFE-0153-179);
f.  Reddit Posts by Defendant (WOLFE-0180-192);
g.  Redacted Forensic Report, LAPHD1 (disk);
h.  Redacted Forensic Report, DSKTPHD2 (disk);
i.  Redacted Forensic Report, RM1 (disk).

     **Request F:  Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.  [Fed. R. Crim. P. 16(a)(1)(F)]**

     **Response:**  Law enforcement is in possession of various digital and computer equipment seized from defendant.  Many of these items have been examined forensically and redacted copies of the forensic reports for three of these devices are disclosed herein.  The forensic report contains child pornography, child erotica, and/or images of minor victims.  Upon request and at a time mutually convenient to counsel for the defendant and the government, counsel for the defendant may inspect the contents of the unredacted forensic report. The United States will not permit copying by the defense of any images or videos containing child pornography. Please contact Assistant United States Attorney Jennifer Rada Herrald to arrange a convenient time to view the evidence.

     **Request G:  Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant**

a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]

**Response:** The United States reserves the right to supplement its response to this Request.

**Request H:  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** The United States is not aware of any such evidence aside from what may be provided herein.

**Request I:  Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:**    The United States intends to introduce into evidence any and all images and videos of child pornography and child erotica distributed, received, or possessed by defendant. These images and videos are available for inspection by counsel for the defendant as referenced in response to Request F. It is the position of the United States that this evidence is necessary to establish elements of the crimes with which the defendant is charged and is "inextricably intertwined with the evidence regarding the charged offense, or . . . is necessary to complete the story of the crime [on] trial." United States v. Towne, 870 F.2d 880, 886 (2d Cir.), cert. denied, 490 U.S. 1101 (1989).  Thus, it is the position of the United States that, although this evidence meets the standard for admission under Rule 404(b) of the Federal Rules of Evidence, notice is not required.  Notice is hereby given nonetheless.  United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996) (acts intrinsic to charged crime do not fall under Rule 404(b)).

**Request J:  Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case**

against the defendant or any alleged aiders and abettors or co-conspirators.

**Response:**  None.


**Request K:  Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response:**  The United States intends to seek judicial notice that Roane County, West Virginia, is within the Southern District of West Virginia.


**Request L:  Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response:**  Not applicable.


**Request M:  Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:**  The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

5

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By:

/s/ Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:   jennifer.herrald@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 13th day of June, 2018, to:

> Tim C. Carrico, Esquire
> Carrico Law Offices LC
> 105 Capitol Street, Suite 300
> Charleston, WV 25301
> tcarrico@carricolaw.com

> /s/ Jennifer Rada Herrald_____
> JENNIFER RADA HERRALD
> Assistant United States Attorney
> WV Bar No. 12181
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone:  304-345-2200
> Fax: 304-347-5104
> Email:  jennifer.herrald@usdoj.gov