

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

June 7, 2018

FILED
JUL - 9 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Tim C. Carrico, Esq.
Carrico Law Offices LC
105 Capitol Street, Suite 300
Charleston, WV 25301

        Re:  United States v. Devin Allen Wolfe
             Criminal No. 2:18-cr-00104 (USDC SDWV)

Dear Mr. Carrico:

    This will confirm our conversations with regard to your client, Devin Allen Wolfe (hereinafter "Mr. Wolfe"). As a result of these conversations, it is agreed by and between the United States and Mr. Wolfe as follows:

DW  1.  **PENDING CHARGES.**  Mr. Wolfe is charged in a three-count indictment as follows:

    (a)  Counts One and Two charge Mr. Wolfe with a violation of 18 U.S.C. § 2252A(a)(2) (receipt of child pornography); and

    (b)  Count Three charges Mr. Wolfe with a violation of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography involving prepubescent minors).

DW 2.  **RESOLUTION OF CHARGES.**  Mr. Wolfe will plead guilty to Count Two of said indictment, which charges him with a violation of 18 U.S.C. § 2252A(a)(2). Following final disposition, the United States will move the Court to dismiss Counts One and Three and the forfeiture notice in Criminal No. 2:18-cr-00104 as to Mr. Wolfe.

                                                                                DW
                                                             Defendant's
                                                             Initials

Tim C. Carrico, Esq.
June 7, 2018                                    Re: Devin Allen Wolfe
Page 2

DW 3.  **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Wolfe will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of at least 5 and up to 20 years;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)  A term of supervised release of at least five years and up to life;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and an additional mandatory special assessment of $5,000 pursuant to 18 U.S.C. § 3014 for a non-indigent defendant for an offense under Chapter 110 of Title 18 where offense was committed on or after May 29, 2015 through September 30, 2019; and

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

DW 4.  **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Wolfe will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Wolfe will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Mr. Wolfe fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event

                                                         DW
                                                      _____
                                                    Defendant's
                                                      Initials

Tim C. Carrico, Esq.
June 7, 2018                                           Re: Devin Allen Wolfe
Page 3

this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Wolfe.

5.   **RESTITUTION**. Mr. Wolfe understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution to the victims in this case for full amount of the victims' losses, if any. Mr. Wolfe further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Wolfe further agrees as follows:

   (a)   Mr. Wolfe agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

   (b)   Mr. Wolfe will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

   (c)   Mr. Wolfe agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

   (d)   Mr. Wolfe agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

   (e)   Mr. Wolfe agrees not to appeal any order of the District

                                                         _____
                                                         Defendant's
                                                         Initials

> Court imposing restitution unless the amount of restitution imposed exceeds the amount of $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Wolfe to pay a greater or lesser sum of restitution in accordance with law.

6. **ABANDONMENT OF PROPERTY.** Mr. Wolfe hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized from him on October 12, 2016, that is, one blue 8GB Verbatim USB Flash Drive; one 120GB ADATA 2.5" solid state drive removed from a white computer tower; and one Hitachi 500GB hard drive, serial number 090620PB4401Q7GV1HUG; and any other items seized from him on that date or any other date that contain images and/or videos of child pornography. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

7. **PAYMENT OF MONETARY PENALTIES.** Mr. Wolfe authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Wolfe agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Wolfe further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Wolfe authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the

_____<br>Defendant's<br>Initials

Tim C. Carrico, Esq.
June 7, 2018                                      Re: Devin Allen Wolfe
Page 5

Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Wolfe shall pay all monies received from lottery winnings, judgments, tax refunds, and any other source toward the court ordered restitution or fine.

Mr. Wolfe agrees that if he retains counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing.

*DW* 8.   **COOPERATION.**  Mr. Wolfe will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Wolfe may have counsel present except when appearing before a grand jury.

*DW* 9.   **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Wolfe, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

*DW* 10.  **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Wolfe for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Wolfe for

_____
Defendant's
Initials

perjury or false statement if such a situation should occur pursuant to this agreement.

*DW* 11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Wolfe stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Wolfe agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Wolfe or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Wolfe knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Wolfe understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

*DW* 12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Wolfe agree that the following provisions of the United States Sentencing Guidelines apply to this case.

*DW*
———————
Defendant's Initials

Tim C. Carrico, Esq.  
June 7, 2018                          Re: Devin Allen Wolfe  
Page 7

Count Two of the Indictment:

<u>USSG §2G2.2</u>

| | |
|---|---|
| Base offense level | 22 |
| Prepubescent Minor | + 2 |
| Sadistic or Masochistic Conduct or Other Depictions of Violence; or Sexual Abuse or Exploitation of an Infant or Toddler | + 4 |
| Use of Computer | + 2 |
| More than 600 Images | + 5 |
| Adjusted offense level | 35 |

    The United States and Mr. Wolfe acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

    13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Wolfe knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Wolfe also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 18 U.S.C. §2252A(a)(2) is unconstitutional, and (2) Mr. Wolfe's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does

                                                       _____  
                                                       Defendant's  
                                                       Initials

not fall within the scope of the 18 U.S.C. § 2252A(a)(2).

   The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

   Mr. Wolfe also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

   The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Wolfe knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Wolfe understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Wolfe understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Wolfe further understands that the requirement to keep the registration current includes

_____
Defendant's Initials

informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Wolfe understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

DW 16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

    (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c) Respond to questions raised by the Court;

    (d) Correct inaccuracies or inadequacies in the presentence report;

    (e) Respond to statements made to the Court by or on behalf of Mr. Wolfe;

    (f) Advise the Court concerning the nature and extent of Mr. Wolfe's cooperation; and

    (g) Address the Court regarding the issue of Mr. Wolfe's acceptance of responsibility.

DW 17. **VOIDING OF AGREEMENT.** If either the United States or Mr. Wolfe violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

DW 18. **ENTIRETY OF AGREEMENT.** This written agreement

                                                                                  DW
                                                                             Defendant's
                                                                                Initials

Tim C. Carrico, Esq.
June 7, 2018                                    Re: Devin Allen Wolfe
Page 10

constitutes the entire agreement between the United States and Mr. Wolfe in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Wolfe in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                        MICHAEL B. STUART
                        United States Attorney

                By: *[signature]*
                    ~~JENNIFER RADA HERRALD~~
                    Assistant United States Attorney

*Emily J. Wasserman*

 

*DW*
Defendant's Initials

Tim C. Carrico, Esq.
June 7, 2018
Page 11                                  Re: Devin Allen Wolfe

*Dw*

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eleven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        6/15/18
Devin Allen Wolfe                     Date Signed
Defendant

_____        6/15/18
Tim C. Carrico, Esq.                  Date Signed
Counsel for Defendant

If I continue to represent my client in response to the United States' efforts to collect any monetary penalties, I will notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

_____        6/15/18
Tim C. Carrico, Esq.                  Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                            CRIMINAL NO. 2:18-cr-00104

**DEVIN ALLEN WOLFE**

## STIPULATION OF FACTS

The United States and DEVIN ALLEN WOLFE stipulate and agree that the facts comprising the offense of conviction (Count Two of the Indictment in the Southern District of West Virginia) and relevant conduct include the following:[1]

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

On or about October 12, 2016, at or near Spencer, Roane County, West Virginia, and within the Southern District of West Virginia, I possessed images and videos depicting child pornography, that is, images and videos depicting minors engaged in sexually explicit conduct, including actual or simulated sexual intercourse, sadistic or masochistic abuse or other depictions of violence, and the lascivious exhibition of the genitals and pubic areas of minors, including prepubescent minors.

I received these images and videos via the Internet, including through downloading the images and videos from the website "4chan." One of the images in my possession was a color image that I received

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to DEVIN ALLEN WOLFE and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

via the Internet on or about August 21, 2016, at my residence in Roane County. This image depicted an adult male engaged in genital-genital sexual intercourse with a prepubescent female. Many of the images and videos I possessed depicted prepubescent minors. Some of the images and videos I possessed contained scenes depicting a prepubescent minor engaged in sadistic or masochistic conduct or other depictions of violence, or otherwise depicted the sexual abuse of an infant or toddler. In total, I possessed at least 6 videos and 730 images of child pornography. Many of the minors depicted in the images and videos, including the minor depicted in the image I received on or about August 21, 2016, were minors who have been identified by the National Center for Missing and Exploited Children as known children.

Stipulated and agreed to:

_____     6/15/18
DEVIN ALLEN WOLFE                     Date
Defendant

_____     6/15/18
TIM C. CARRICO, ESQ.                  Date
Counsel for Defendant

_____     6/20/18
~~JENNIFER RADA HERRALD~~ Emily J. Wasserman   Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2